**In re Vicki CLARK.**

**No. 09–11–00217–CV.**

Court of Appeals of Texas, Beaumont.

Submitted May 27, 2011.

Decided July 14, 2011.

E.F. Mano DeAyala, Vianei Robinson, Edward P. Keenan, Buck Keenan LLP, Houston, for relator.

Jay Aldis, J. Brett Busby, Brian Wadsworth, Lauren N. Eddy, Bracewell & Giuliani LLP, Houston, for real party in interest.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

PER CURIAM.

In litigation between Texas Citizens Bank, N.A. (TCB) and a former loan officer, Vicki Clark, the trial court ordered Clark to produce her personal computers, electronic storage devices, and records re-

lating to that equipment. In this mandamus proceeding, Clark contends the trial court erred in its application of the discovery rules and abused its discretion by ordering the production of the devices without a prior showing that she had failed to comply with discovery responses or that she lacked good faith when she did so. Clark also contends that the trial court's order failed to adequately shield privileged documents. We hold that the circumstances justify compelling discovery in this case, but that the trial court must implement measures to prevent disclosure of privileged information. Accordingly, we conditionally grant mandamus relief.

In her position as Senior Vice President and Relationship Manager at TCB, Clark had access to confidential and proprietary information of TCB. Clark executed a Confidential Information, Non–Solicitation and Non–Competition Agreement. Clark resigned on December 21, 2010. A forensic analysis of Clark's work computer revealed that in the final months of her employment, Clark had communicated with representatives of a competitor about opening a branch bank in the same town where Clark was working for TCB. Included in the e-mails that had been deleted from Clark's work computer were communications bearing a subject-line about a current loan and deposit customer of TCB.

TCB requested production of all communications since June 1, 2010 between Clark and any person who was a TCB customer. TCB also requested all documents that Clark downloaded from a TCB computer, and all communications reflecting her involvement in the creation of the competitor's facility in Tomball. TCB requested production for inspection and copying any and all computers used or accessed by Clark since June 1, 2010. In her response, Clark objected to having to produce a personal computer that is used by her family members and that she does not use for business purposes. She objected to producing information that is in TCB's possession. Clark claimed she did not take any paper or electronic files with her and that consequently she did not have access to the requested information. Clark claimed to have no documents stored on any computer in her possession that concerned TCB's customers or operations. She claimed to have no access to any communications with TCB customers or any documents downloaded from a TCB computer.

TCB filed a motion to compel and for contempt, and submitted affidavits in support of the motion together with references to the record of a temporary injunction hearing. TCB noted that Clark testified in deposition that she had not deleted her e-mail communications with any TCB customers, but that when faced with a document that showed such a communication, she claimed that she had not produced that particular communication because the document had failed to open after she forwarded it to her personal e-mail. Later in her deposition, Clark claimed to have "cleaned" her inbox in December, before the request for production was made. TCB argued that an exchange of e-mails between Clark and a TCB customer showed that she had retained that customer's confidential information. TCB submitted an affidavit from a computer expert who expressed an opinion that the comprehensive deletion process on Clark's work computer indicated that e-mails had been purged and accounts contact lists had been removed. According to the expert, data had been exported prior to its deletion, that this was not typical for a year-end clean-up, that there was no indication that a year-end clean-up had occurred the previous year, and that in his opinion information had been removed from Clark's account.

At the hearing on the motion to compel, counsel for TCB told the trial court that if Clark's personal computer was surrendered to TCB, its forensic analysts would carve out the surnames of Clark's lawyers, and the words "attorney" and "lawyer," to ensure that their search of the computer's files did not disclose attorney-client communications. The trial court ordered counsel for Clark to turn over the computer to TCB's counsel by 5:00 that day or face sanctions against both Clark and her counsel.

Rule 196.4 of the Texas Rules of Civil Procedure governs requests for production of electronic information. *See* Tex.R. Civ. P. 196.4. The requesting party must specify the data being sought. *Id.* The request is reasonably specific if the responding party understands the scope of the request before the trial court intervenes. *See In re Weekley Homes, L.P.,* 295 S.W.3d 309, 314–15 (Tex.2009). Here, the request for production did not specify deleted e-mails, but Clark's response to TCB's motion to compel shows that before the trial court heard the motion to compel, Clark was aware that TCB was requesting e-mails that Clark asserts she had already deleted from her personal e-mail account.

The responding party must support her objections with any evidence necessary to support the objection or claim of privilege. *See* Tex.R. Civ. P. 193.4(a). Clark objected that the electronic information TCB was seeking is stored on the computers in TCB's possession and that there are no documents saved on her home computer that would be relevant to the lawsuit. TCB's motion to compel addressed the work-related e-mails in Clark's personal e-mail account. TCB contended that even if the e-mails had been deleted, artifacts of the sessions would be retrievable from the computer from which the e-mail account had been accessed. According to Clark's response to the motion to compel, in deposition Clark stated that she accessed her personal e-mail account on her home computer. Clark claimed she could not produce the electronic information because she had cleaned her personal e-mail account in the ordinary course of business in December 2010. The affidavit of TCB's computer forensic analyst shows that partial artifacts of her e-mail sessions had been recovered from the deleted space on Clark's work computer, and posits that artifacts and data for deleted e-mails would be visible on the home computer from which Clark admits she accessed her personal e-mail account. The record submitted with the motion to compel and its response shows that a forensic analysis of Clark's computer will produce relevant information that has been requested but has not been produced. The record supports the trial court's ruling regarding the availability of the requested information. *See Weekley Homes,* 295 S.W.3d at 315. The trial court could reasonably conclude that Clark's persistence in asserting that she did not produce any electronic data because she had "cleaned" her personal e-mail account shows that she did not adequately search for relevant deleted e-mails. *Id.* at 319. Accordingly, it was within the trial court's discretion to order production of electronic information on Clark's personal electronic storage devices. *Id.*

"Intrusive discovery measures-such as ordering direct access to an opponent's electronic storage device-require, at a minimum, that the benefits of the discovery measure outweigh the burden imposed upon the discovered party." *Id.* at 322. "To the extent possible, courts should be mindful of protecting sensitive information and should choose the least intrusive means of retrieval." *Id.* at 316. The trial court ordered Clark to produce all of her personal electronic storage devices to

TCB. The sole protection directed by the trial court consisted of excluding the surnames of Clark's lawyers, and the words "attorney" and "lawyer." No search parameters limited TCB's access to information of a personal and confidential nature that has no possible relevance to the litigation. The trial court's order failed to address privilege, privacy, and confidentiality concerns adequately.

TCB contends that the trial court's order follows the guidelines established in *In re Honza*. *See* 242 S.W.3d 578, 583 (Tex. App.-Waco 2008, orig. proceeding [mand. denied]). The discovery in *Honza* concerned the metadata for the parties' contract, which the party seeking the discovery argued would show alterations to the contract after the parties reached an agreement. *Id.* at 580. The discovery order approved by the appellate court in *Honza* contained protective qualities that are missing here. Although the order necessarily gave the expert complete access to all data on the computers, the order provided for indexing all forensic images acquired for the limited purpose of searching for two specific documents. *Id.* at 583. The expert then had to compile the information the expert believed to be responsive and deliver them to the responding party so that the responding party could choose to withhold the document and provide a privilege log instead. *Id.* The order also prohibited use of the information other than in compliance with the order. *Id.* Finally, the order required the expert and all party representatives or counsel participating in the imaging process to sign an agreement acknowledging that they are subject to contempt of court for any violation of the order. *Id.*

The trial court's order in this case provides none of the safeguards that were present in *Honza*. *Id.* TCB argues that it would not be possible to generate an array of search terms broad enough to encapsulate every material document being sought by TCB, but a forensic examination by TCB's experts could determine if a large number of documents were downloaded from a pen drive onto Clark's personal computer and retrieve information about activity on the computer. If it is not possible for the trial court to describe search protocols with sufficient precision to capture only relevant, non-privileged information, the trial court may order the forensic examination to be performed by an independent third-party forensic analyst. Moreover, the trial court must provide a mechanism through which Clark can withhold from discovery any documents or information that is privileged or confidential and provide instead a privilege log subject to in camera review by the trial court. *Id.* at 583–84. Some method for screening privileged information must be provided that does not depend on the opposing party to do the screening. The current order essentially requires production of information claimed to be privileged to the opposing party for that party to screen.

We recognize that the trial court may have concluded that Clark was not cooperating with legitimate discovery efforts, or that she was attempting to "stall" legitimate discovery. If the court finds that a party is abusing the discovery process in resisting discovery, or that a discovery response is "unreasonably frivolous or made for purposes of delay," the court may, after notice and hearing, impose any appropriate sanction authorized by the applicable rules. *See* Tex.R. Civ. P. 215.3. It does not appear that the order in this case was intended as a sanction order, and so we do not consider it under the sanction rules.

■ "Mandamus relief is available when the trial court compels production beyond

the permissible bounds of discovery." *Weekley Homes,* 295 S.W.3d at 322. The order compelling discovery in this case exceeds the permissible scope of discovery. We lift our order granting temporary relief and conditionally grant mandamus relief. We are confident the trial court will vacate the order compelling production of Clark's electronic storage devices and that any further orders compelling production will adequately protect privileged information contained in the devices. The writ of mandamus shall issue only in the event the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.