# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00547-CV

---

## In re Rockstar Remodeling and Diamond Decks, LLC; and Donald M. Ferguson a/k/a Donnie M. Ferguson

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

## D I S S E N T I N G   O P I N I O N

Relators have filed a petition for writ of mandamus complaining of an order that requires Rockstar Remodeling and Diamond Deck, LLC, to provide access to certain electronic devices for forensic examination by an independent forensic analyst. The trial court's order provides that the forensic analyst is "entitled to image each such device and then to search for, identify, and produce to the parties documents that are responsive to the requests for production." The order does not, however, provide any parameters as to how the analyst's search of the devices should be conducted, nor does it provide a mechanism whereby Relators can withhold privileged or confidential information obtained from the devices and then create a privilege log subject to in camera review. *See In re Weekley Homes, L.P.*, 295 S.W.3d 309, 318-19 (Tex. 2009) (explaining that when court permits access to electronic device, it "may not give the expert carte blanche authorization to sort through the [electronic devices]" and must "address privilege, privacy, and confidentiality concerns"); *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835, 846 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (concluding that trial court abused

its discretion in requiring relators to turn over computer and network hard drive without providing any mechanism for withholding privileged or confidential information); *In re Clark*, 345 S.W.3d 209, 212-213 (Tex. App.—Beaumont 2011, orig. proceeding) (explaining that "some method for screening privileged information must be provided that does not depend on the opposing party to do the screening"). Consequently, I would conclude that the trial court's order exceeds the bounds of permissible discovery. *See In re Weekley Homes*, 295 S.W.3d at 322. In addition, I would conclude that the mandamus record shows that Relators brought this issue to the attention of the trial court in its response to real party in interest's motion to compel. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) ("[T]he right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act.").

For these reasons, I respectfully dissent from the majority's denial of the petition for writ of mandamus.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   September 22, 2022

2