**Opinion issued November 30, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00594-CV

———————————

## IN RE PETER ZHONGREN HUANG, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator Peter Zhongren Huang filed this petition for writ of mandamus, asking that we vacate the trial court's July 22, 2022 order compelling production of Huang's cell phone for inspection and imaging.[1]  Because the trial court did not include reasonable limits as to scope and time and did not provide specific

---

[1]    The underlying case is *James R. Huey v. FL Transportation, Inc., Rolling Frito-Lay Sales, LP, and Peter Zhongren Huang*, cause number 2021-77958, pending in the 125th District Court of Harris County, Texas, the Honorable Kyle Carter presiding.

protections for confidential, private, or sensitive information, we conditionally grant the petition.

## Background

This case arises from a personal injury lawsuit. Real party in interest, James R. Huey, alleged that he was driving a pickup truck, waiting his turn at an intersection in which all traffic lights were not working. When Huey proceeded through the intersection, Huang, who was driving an 18-wheeler, "t-boned" Huey's pickup and the force of the impact spun him and his pickup into a guard rail, causing injuries to Huey and extensive damage to his vehicle. Huang disputes this version of events and claims the traffic lights were working.

Huey sued Huang and his employer, FL Transportation, Inc., for negligence, negligent entrustment, negligent training, and negligent supervision. Huey alleged that Huang was distracted while driving, based on multiple accounts that the traffic lights were not functioning at the time of the collision, Huang's speed of approximately 50 mph without braking when he entered the intersection, and the fact that Huang had more than one cell phone in the cab of his truck at the time of the accident.

Huey requested production of Huang's cell phone for imaging, but Huang claimed these requests were overly broad in time or scope. Huey also sent a preservation letter to Huang's counsel on January 25, 2022, stating his intent to

conduct a "cellular image of [Huang's] phone[s] for the 2-hour interval, one hour preceding the wreck, and one hour following the wreck." Huang's counsel responded that Huang routinely deletes his cellphone data on a daily or weekly basis, though Huang's counsel ostensibly agreed to preserve the two cell phones. Huang's counsel also asked for the name of the person to perform the imaging and inspection. Huang's counsel asked for a proposed protocol to address Huang's concerns while providing Huey with his discovery.

Huey emailed a proposed protocol on February 8, 2022, with time and scope restrictions, which included the right for Huang to have ten days or longer to designate "confidential information" from the extract of information and to provide a privilege log of those items designated as confidential. The proposed protocol also permitted redaction of confidential or privileged information by Huang. Although Huey invited Huang's counsel to review and revise the protocol, Huey contends that Huang declined this invitation.

Huang produced a redacted copy of his cell phone bill from the day of the collision, but this provided no information about data usage or which applications were in use, nor did it provide a timestamp as to any particular data usage. Huey issued subpoenas to the carrier for both cell phones, T-Mobile, who provided only a single-page call log that showed incoming and outgoing calls for one phone, but nothing concerning data usage.

3

Huey then filed a motion to compel explaining the need for forensic imaging of Huang's phones and the factual circumstances suggesting distracted driving. On July 22, 2022, the trial court signed an order granting the motion to compel and ordering Huang's cell phones to be imaged "under a narrow window of time, using an appropriate protocol to protect any confidential, private, or sensitive information . . . within thirty (30) days of the entry of this Order." Huang then filed this petition for writ of mandamus.

## Analysis

### A. Standard of review and applicable legal principles

To show entitlement to mandamus relief, a relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *See Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). "Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009).

### B. Huey met the threshold showing to obtain discovery

Turning first to Huang's third issue, he argues that the trial court improperly compelled inspection and copying of his cell phones because Huey did not allege that Huang failed to properly respond or show that Huang's response to a discovery request was inadequate. Huang also contends that discovery may not be

4

compelled without a showing that relevant, discoverable information appropriately bears on the claims at issue.

Rule 192.3 provides for discovery of documents, which includes electronic information relevant to the subject matter of the action. *See* TEX. R. CIV. P. 192.3(b) cmt. 1—1999 ("While the scope of discovery is quite broad, it is nevertheless confined by the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute."). Rule 196 concerns requests for production of documents, and Rule 196.4 specifically applies to requests for production of data in electronic or magnetic form. *See* TEX. R. CIV. P. 196, 196.4. When a party has made a specific request for electronic information, the responding party must produce responsive information that is reasonably available or object on the ground that the information cannot be retrieved through reasonable efforts or cannot be produced in the form requested. *See Weekley Homes*, 295 S.W.3d at 315; TEX. R. CIV. P. 196.4. When a specific request for cell phone data has been lodged, and the responding party objects and does not produce the data, the trial court "may order production subject to the discovery limitations imposed by Rule 192.4." *Weekley Homes*, 295 S.W.3d at 315.

1. <u>Huey established that Huang failed to produce the requested discovery</u>

Huang asserts that the trial court abused its discretion in compelling production of the cell phone data because Huey failed to show that Huang, defaulted in his obligation to produce the requested data, that the production was inadequate, and that there is a "reasonable likelihood that a search of the [device at issue] would reveal the information [the party] sought." *Id.* at 320–21; *see also In re Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (holding that "to be entitled to production of cell-phone-data, the party seeking it must allege or provide some evidence of cell-phone use by the person whose data is sought at a time when it could have been a contributing cause of the incident on which the claim is based.").

As shown in the motion to compel, Huey requested production of Huang's cell phones so that they could be imaged for a two-hour interval—one hour before the accident and one hour after, based on the time of the crash listed in the crash report. In response to the request for production, Huang objected on the following grounds:

> Defendant objects to this Request for Production on the grounds it is nothing more than an impermissible fishing expedition and seeks to expose defendant's confidential and private information. The request is overly broad, unlimited in scope, and so unduly burdensome as to constitute harassment. It also seeks items and information that are irrelevant and immaterial and it is not reasonably calculated to lead to the discovery of admissible evidence.

6

Huey demonstrated his attempt to obtain the information through less intrusive means by obtaining cell phone records from Huang's carrier, T-Mobile, but this resulted in obtaining only a log of calls on one of the two phones owned by Huang. Huey states that, after exhausting these measures for obtaining Huey's cell phone data and usage around the time of the collision, Huey ultimately filed a motion to compel asking the trial court to order imaging of both of Huang's cell phones "using an appropriate protocol to protect any confidential, private, or sensitive information." The record shows that Huey attempted to obtain the cell phone data via request for production and by obtaining the data by less intrusive means and was unsuccessful. Huey offered a protocol to address Huang's concerns about scope and private or confidential information, but Huang did not agree to the proposed protocol. We conclude that Huang has not established the trial court abused its discretion in ordering Huang to produce the cell phones.

2. <u>Huey established relevance of requested discovery</u>

Huang also contends that the trial court abused its discretion in compelling the imaging of his cell phones because Huey failed to show that the cell phone data was relevant, discoverable information related to the claims at issue. The subject of the lawsuit is Huey's claim for damages allegedly caused when Huang, driving an 18-wheeler, collided with Huey in a pickup truck after Huang failed to slow down at an intersection with allegedly nonfunctional traffic lights. Huey alleged

that certain facts tended to show that Huang was distracted while driving—likely by use of one or more of his cell phones. These facts were Huang's speed of approximately 50 mph when he entered the intersection with allegedly nonfunctional traffic lights, Huang's failure to slow down or brake at the intersection despite the allegedly nonfunctional traffic lights, and Huang's possession of more than one cell phone in the cab of his truck at the time of the accident. The fact that Huang failed to slow down as he neared and entered the intersection despite the alleged lack of functional traffic lights tends to show that Huang was distracted at the time he approached and entered the intersection and the two cell phones suggest that Huang may have been distracted from driving due to cell phone use.

Although Huang produced a redacted copy of his cell phone bill for the day of the accident, Huey claims that this does not indicate which applications were in use and generating data, nor does it provide a time stamp associated with any particular data usage. In *Kuraray*, the Texas Supreme Court stated that "to be entitled to production of cell-phone-data, the party seeking it must allege or provide some evidence of cell-phone use by the person whose data is sought at a time when it could have been a contributing cause of the incident on which the claim is based." *Kuraray Am.*, 656 S.W.3d at 142. The Texas Supreme Court explained that a requesting party "must allege or provide some evidence of cell-

8

phone use by the person whose data is sought at a time when it could have been a contributing cause of the incident on which the claim is based." *Id.* In this case, Huey alleged Huang was negligent in part due to distracted driving and in his motion to compel, Huey asserted facts tending to show that cell phones could have been the cause of the distraction.

Huang argues that Huey is unable to meet the burden of proof required without offering a witness affidavit attesting that the truck driver had admitted to looking at his phone at the time of the accident. *See id.* at 143 (citing *In re UV Logistics, LLC*, No. 12-20-00196-CV, 2021 WL 306205, at *1 (Tex. App.—Tyler Jan. 29, 2021, orig. proceeding) (mem. op.). There are no witnesses in this case, as there were in *Kuraray*, who can testify about Huang's alleged cell phone use. But Huey alleged facts supporting the implication that Huang was distracted and using a cell phone at the time of the collision, such as the fact that, while driving an 18-wheeler, Huang did not slow down or apply his brakes as he neared and entered the intersection where the traffic lights were allegedly not functioning, and he had more than one personal cell phone in the cab of the truck. These facts, if proven, support the pleading allegation that Huang was distracted while driving, possibly by cell phone use. These facts are more specific than the allegation in *Kuraray*, in which the plaintiffs did not plead cell phone use as a contributing cause of the release of ethylene vapor. *See id.* Here, Huey did plead that Huang was driving

9

while distracted and alleged facts in his motion to compel that tended to indicate the distraction was cell phone use.

Because Huey established that he made a specific request for the data, the production was insufficient, and there was a relationship between the cell phone data and Huey's allegation of distracted driving, we conclude that Huang has not established an abuse of discretion by the trial court as to the threshold showing for compelling production of the cell phone data.

## C.  Lack of date or subject matter restrictions and safeguards for confidential information was an abuse of discretion

Huang complains in his first two issues that the trial court's order was an abuse of discretion because it did not comply with the Texas Supreme Court and Rule 196 requirements that the ordered discovery must be specific, relevant, appropriately tailored in time and scope, and with adequate safeguards for confidential or sensitive information.  In his fifth issue, Huang also complains that the trial court did not ensure the inspection and copying of his cell phone data would utilize the least intrusive means.  Huey responds that the trial court did not abuse its discretion because the discovery was ordered produced in accordance with "appropriate" protocol.  Huey contends that he furnished security measures in a protocol to protect confidential information.

In his motion to compel, Huey asked the trial court to order inspection and imaging of Huang's cell phones under a narrow window of time using an

10

appropriate protocol to protect confidential, private, or sensitive information. Huey asserted that this information was relevant to determine whether Huang was distracted by using his cell phones at the time of the accident. Huey sought only usage data from the two-hour interval around the time of the accident (one hour before the accident and one hour after).

The trial court abuses its discretion when it compels production beyond the rules of procedure. *See Kuraray*, 656 S.W.3d at 142. "While trial courts enjoy discretion in determining what is 'relevant to the subject matter,' that discretion is not unlimited." *Id.* One limitation on the trial court's discretion is that the "discovery requests must not be overbroad." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016). Once the party seeking production has shown that the cell phone use could have been a contributing cause to the incident on which the claim is based, "the trial court may order production of cell-phone data, provided its temporal scope is tailored to encompass only the period in which cell-phone use could have contributed to the incident." *Kuraray*, 656 S.W.3d at 142.

In *Weekley Homes*, the Texas Supreme Court set out the proper procedure for discovery of electronic information under Rule 196.4. *See* 295 S.W.3d at 322. One of these requirements is that, if the trial court determines that the benefits outweigh the burdens of production and orders production of information not

11

reasonably available, "sensitive information should be protected and the least intrusive means should be employed." *Id.*

Although Huey clearly asked for production of cell phone data limited to one hour before and one hour after the collision and suggested a protocol, the trial court did not specify the temporal scope of the compelled production other than to say that the "cell phones be imaged under a narrow window of time . . . ." Huey asked for production and imaging of cell-phone data during a one-hour window of time—one hour before and one hour after the accident—when the use of the phones could have contributed to the accident and the trial court abused its discretion by failing to order production of the cell-phone data within a temporal scope tailored to encompass only the time in which the use of the phones could have contributed to the accident. *See id.*

Moreover, the trial court should have considered Huang's objections concerning the privacy or confidentiality of the cell-phone data. *See id.* 145 n.3. In Exhibit H to the motion to compel, Huey included a proposed protocol agreement and stated that the forensic investigator was Digital Discovery of Dallas, Texas who would inspect for data from 12:21 pm to 2:21 pm on September 14, 2021, and that Huang would be able to designate for redaction any privileged, personal, or sensitive information. Moreover, the imaging data would not be retained longer than the time to complete the digital data extraction, or about half a

day, and then the phones would be returned to Huang. Although Huey proposed a protocol to protect confidential or personal information, Huang did not agree to this and stated in his response to the motion to compel that the proposed protocol provided no assurance that his confidential or personal information would be protected. In its order, the trial court set out no safeguards for the protection of confidential or personal information, but ordered the cell phones imaged "using an appropriate protocol to protect any confidential, private, or sensitive information . . . ." This statement in the order is no more than encouragement that offers Huang no protection for personal or confidential information. *See In re Clark*, 345 S.W.3d 209, 213 (Tex. App.—Beaumont 2011, orig. proceeding) (holding that order including no search parameters limiting access to personal and confidential information was abuse of discretion).

In *In re Honza*, 242 S.W.3d 578, 584 (Tex. App.—Waco 2008, orig. proceeding), the trial court's order preserved privileged or confidential information in several ways: (1) the search was limited to two documents which the Honzas could review before they were produced; (2) the Honzas could withhold from discovery any documents they claimed were privileged or confidential and could instead provide a privilege log subject to in camera review by the trial court; (3) the order provided that observation of information during imaging did not waive privilege or confidentiality; (4) a protective order prohibited parties from

unauthorized disclosure of information; and (5) the expert had to prove he was bonded and had liability insurance to fully indemnify the Honzas against any monetary loss.

Here, the trial court provided no protocol or specific guidelines to protect personal, confidential, or sensitive data by employing the least intrusive means for obtaining the data. Although the protocol suggested by Huey included some procedures for protection of personal, sensitive, or confidential data, that protocol was not included in the trial court's order and nothing in the order requires the use of that protocol. The failure to include reasonable guidelines for protection of Huang's personal, confidential, or sensitive data was an abuse of discretion.

## D. Expert Qualifications

In his fourth issue, Huang claims the trial court abused its discretion by compelling inspection and copying of his personal cell phone data when Huey failed to prove that (1) his proposed expert was qualified; and (2) the expert's proposed methodology was appropriate and reasonably likely to yield information.[2]

Exhibit H to Huey's motion to compel was a proposed agreement regarding the protocol to be used during the forensic imaging, search, and inspection of Huang's cell phones. In this protocol, Huey specified that the proposed forensic

---

[2]    In this issue, Huang also complained that the order did not require the expert to use the least intrusive means for obtaining the data. This complaint has been discussed in the previous section concerning safeguards of privacy and temporal scope.

14

investigator was Digital Discovery of Dallas, Texas but there does not appear to be any evidence explaining the experience and expertise of Digital Discovery as to inspection and copying of cell phone data.

Even if a party meets the threshold showing that the opposing party defaulted in its discovery obligation, the trial court "should not permit the requesting party itself to access the opponent's storage device; rather, only a qualified expert should be afforded such access." *Weekley Homes*, 295 S.W.3d at 318. Although the record shows that Huang challenged the proposed protocol for the expert's inspection and imaging of his cell phones, the record does not show that Huang challenged the qualifications of Huey's forensic expert in the trial court.

"Equity is generally not served by issuing an extraordinary writ against a trial court on a ground that was never presented to the court and that the court thus had no opportunity to address." *In re Bank of Am., N.A.*, No. 01-02-00567-CV, 2003 WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) (mem. op.). Mandamus relief generally requires a showing of a predicate request and the trial court's erroneous refusal of that request. *See In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022). There can be no showing of an abuse of discretion when Huang did not object to the expert's qualification in the trial court. *See id.*

**E. Huang lacks an adequate remedy by appeal**

"Mandamus relief is available when a trial court compels production of electronic data and information beyond the permissible bounds of discovery." *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835, 847 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (citing *Weekley Homes*, 295 S.W.3d at 322). The harm a party will suffer from an order requiring relinquishment of data for forensic examination and the harm that may result from revealing private information and confidential communications, "cannot be remedied on appeal." *In re Methodist Primary Care Grp.*, 553 S.W.3d 709, 714–15 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

Here, the trial court ordered Huang to produce his two cell phones for imaging without specifying any temporal scope and without addressing safeguards for Huang's private or confidential information, such as that set out in Huey's proposed protocol. Instead, the trial court merely suggested in the order that the imaging occur "under a narrow window of time" and that private, confidential, or sensitive information be protected by "an appropriate protocol." By failing to order the imaging to occur within a specified window of time and without any specific guidelines for protecting confidential, personal, or sensitive information, the trial court's order compelled production "beyond the permissible bounds of discovery." *Weekley Homes*, 295 S.W.3d at 322. Thus, mandamus relief is

available. If the appellate court is unable to "remedy the trial court's discovery error," such as the production of confidential or private information, there is no adequate remedy by appeal. *Id.* We conclude that Huang lacks an adequate remedy by appeal of the trial court's order compelling production of data without adequate protections for confidential, private, or sensitive information and without limitations as to temporal scope.

## Conclusion

Because we conclude that the trial court abused its discretion by failing to include limitations as to temporal scope of production of cell phone data and protection of confidential, sensitive, or personal data, we conditionally grant the petition for writ of mandamus and order the trial court to vacate the order signed on July 22, 2022. We are confident that the trial court with comply, and our writ will issue only if it does not. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.