**Opinion issued August 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00399-CV

———————————

## IN RE IN RE MICHAEL ANGEL SANCHEZ, YELLOWSTONE LANDSCAPE GROUP, INC., AND BIO LANDSCAPE AND MAINTENANCE, Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

## DISSENTING OPINION

The majority opinion in this case creates conflicts between panels of this Court and between this Court and the Texas Supreme Court as to (1) the proof required for a party to compel the physical examination of a plaintiff seeking damages for personal injuries under Texas Rule of Civil Procedure 204.1 and (2) the constitution of the record on mandamus challenging a trial court's ruling on a discovery motion.

These conflicts make it impossible for me to join either the majority's opinion or its ruling.

The panel majority denies the petition for a writ of mandamus filed in this personal injury case by the defendant Relators, Michael Angel Sanchez, Yellowstone Landscape Group, Inc., and Bio Landscape and Maintenance, challenging the trial court's order denying Relators' Rule 201.4 motion to compel a physical examination of Real Party in Interest, plaintiff Malek Abushaaban, by Relators' medical expert.[1]  I respectfully dissent.  I would grant the petition and instruct the trial court to compel Abushaaban to submit to the examination forthwith.

I further note that the majority opinion dismisses as moot the "Motion for Stay" of the October 22, 2018 trial of this case, filed by Relators on July 10, 2018 and the "Emergency Supplement to Relators' Motion to Stay," filed by Relators on August 21, 2018.  Given the facts that Relators' petition for writ of mandamus was filed in this Court on June 1, 2017, that the trial is now two months away, and that the motion for stay is necessitated entirely by this Court's failure to agree upon the disposition of the timely filed discovery mandamus petition for over a year, I also cannot agree to deny the requested stay.  I would grant it.  *See* TEX. R. APP. P.

---

[1]  The underlying case is *Malek Abushaaban v. Michael Angel Sanchez, Yellowstone Landscape Group, Inc., and Bio Landscape and Maintenance*, Cause No. 2016-33602, in the 164th District Court of Harris County, the Honorable Alexandra Smoots-Thomas presiding.

52.10(b) (court in which petition for mandamus is filed "may without notice grant any just relief pending the court's action on the petition"); *In re Collier*, No. 07-12-00336, 2012 WL 3114597, at *1 (Tex. App.—Amarillo Aug. 1, 2012, orig. proceeding) (stay of trial should be granted while petition for mandamus is pending in order to protect jurisdiction of appellate court by maintaining status quo of underlying proceeding while court considers merits of original proceeding); *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding) (Rule 52.10 exists to afford court opportunity to address dispute encompassed within petition for mandamus by maintaining status quo until it can address that dispute); *In re Reed*, 90l S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding).

Denying Relators' motion to compel the physical examination of the plaintiff seeking damages in this personal injury case and denying the emergency motion to stay puts Relators to trial without a physical examination of the plaintiff and without an adequate opportunity for Relators to file and obtain a ruling on a new motion to compel compliant with the majority's standards, or to file and obtain a ruling from this Court on a motion for en banc reconsideration of the panel's ruling while this Court retains jurisdiction over this mandamus, or to file an original petition in the Texas Supreme Court contesting the majority's decision and to obtain a ruling from that court clarifying the law.

The majority opinion correctly sets out the standard of proof for a party's Rule 204.1 motion to compel the physical examination of a plaintiff in a personal injury case by the moving party's own medical expert; and it correctly identifies the controlling authority from the Texas Supreme Court, *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300 (Tex. 2016) (orig. proceeding), and from this Court, *In re AutoZone Parts Inc.*, No. 01-17-00559-CV, 2017 WL 4974559 (Tex. App.—Houston [1st Dist.] Nov. 2, 2017, orig. proceeding) (mem. op.). Slip Op. at 2–3, 9. However, it then contradicts this controlling authority by failing to *apply* the Rule 204.1 standard as the Texas Supreme Court and this Court have done under essentially identical circumstances in that it refuses to credit material evidence in support of the motion in the record below and in the mandamus record.

The majority insists that it is basing its conclusion on "*the record that was before the trial court* when it denied Relators' motion." Slip Op. at 7 (emphasis in original). This is incorrect, however, as its opinion and ruling are directly contrary to both statutory and case law governing the showing required to support a motion to compel discovery under Rule 204.1 in the trial court and the content of the record on mandamus from a discovery order.

The majority justifies its ruling by stating, "The decision whether to grant Relators' motion for a physical examination was within the trial court's discretion," Slip Op. at 7, even as it acknowledges that "[a] trial court has no discretion in

4

determining what the law is and applying it to the facts, and it abuses its discretion if it fails to analyze or apply the law correctly." Slip Op. at 2. Its sole stated reason for finding the trial court's ruling denying the examination to be within its discretion is that "the 'controlling authority' on which the dissent and Relators rely in this Court to support the granting of mandamus relief does not *compel* the conclusion that the trial court *here* may have reached only one conclusion and, thus, abused its discretion in denying Relators' motion." Slip Op. at 7–8 (emphasis in original and added). As the records in the controlling prior cases from the Texas Supreme Court and from this Court are virtually identical to the record in this case in all material respects and the holding in each case is the opposite of the trial court and the majority in this case, the exercise of discretion by both the majority here and the trial court is contrary to law.

The majority's rulings denying Relators' Rule 204.1 motion to compel the physical examination of the plaintiff Abushaaban and denying Relators' motion for an emergency stay of proceedings in the trial court send this case back for the parties to jump through needless hoops reasserting their right to a physical examination of the plaintiff by their own expert on evidence not materially different from their original motion, without allowing them even the time to do so before trial, in violation of Texas Rule of Civil Procedure 1. *See* TEX. R. CIV. P. 1 (requiring "just, fair, equitable and impartial adjudication of the rights of litigants under established

5

principles of substantive law"). And it denies Relators the opportunity to file either a petition for en banc review of the panel's ruling by this Court or review by the Texas Supreme Court to clarify the governing law. *See* TEX. R. APP. P. 41.2(c), 52.1, 56.1. Accordingly, I respectfully dissent.

## Background

Abushaaban filed suit against the defendant Relators seeking to recover damages for personal injuries allegedly resulting from a collision between Sanchez's and Abushaaban's vehicles. Abushaaban asserted that Sanchez was negligent and that Yellowstone Landscape and Bio Landscape were liable under the theories of respondeat superior and negligent entrustment.

In his First Amended Original Petition, Abushaaban asserted that he sustained injuries "for which he had to seek the care of medical professionals." Among other things, he sought as damages "[t]he reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future." At his deposition, Abushaaban testified "about his treatment, the pain and suffering from his medical condition, and the effect of his medical condition on his day-to-day activities and his work." After the deposition, the defendant Relators asked Abushaaban to submit to a medical examination by Dr. David Vanderweide, a board certified orthopedic surgeon. Abushaaban refused.

6

When Abushaaban refused to agree to a physical examination by Relators' surgeon, Relators filed a motion to compel him to submit to one under Texas Rule of Civil Procedure 204.1. Rule 204.1 provides for an order compelling a party to submit to a physical examination if the party's physical condition is "in controversy" and "good cause" is shown. *See* TEX. R. CIV. P. 204.1.

Relators asserted, and continue to assert in their mandamus petition, that Abushaaban placed his physical condition in controversy because he sought past and future damages for injuries allegedly sustained in the collision and that good cause existed to compel him to submit to the examination. They specifically asserted that Abushaaban had been treated by several medical providers for the injuries he alleges were caused by the collision; that he had undergone lengthy chiropractic treatment and pain management treatment and had been examined by an orthopedic surgeon for back surgery, but he had not undergone the surgery; that he still suffered from pain in his back, neck, and knee; and that the accident had affected his day-to-day activities and caused him to miss time from work. Abushaaban was seeking damages for these injuries.

Relators stated in their motion to compel that there was "a relevant connection between the requested examination and the condition in controversy" and that they could not obtain the requested information through less intrusive means because Abushaaban would not allow the examination without a court order. They requested

that he be required to submit to a physical examination by their medical expert, Dr. Vanderweide.

The defendant Relators' motion to compel also stated that the examination was needed to establish Abushaaban's "current physical status with regards to the injuries he claims are a result of the incident" and that Dr. Vanderweide intended to assess Abushaaban's "orthopedic condition as it relat[ed] to [his] personal injury claims and [Relators'] defenses, especially with regard[] to causation issues concerning, whether his injuries resolved through his post-accident care, whether he require[ed] future medical care, and the degree to which, if any, [he] will be impaired in the future."

Citing the Texas Supreme Court's opinion in *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303–04, Relators' motion to compel further stated,

> Finally, it is not possible for Defendants to obtain the requested information through less intrusive means. Plaintiff's counsel has stated that he will not allow his client to be examined absent a court order. So by objection of Plaintiff's own attorney, there is no less intrusive means to obtain information regarding Defendants' defenses in this case, such as challenges to the nature, extent, and cause of Plaintiff's alleged injury. Furthermore, a physical examination could provide substantive information not available in the records. In particular, Dr. Vanderweide cannot comment on first-hand knowledge of Plaintiff's exhibited symptoms unless he is given an opportunity to personally examine Plaintiff. Additionally, requiring Dr. Vanderweide to testify at trial without the benefit of examining Plaintiff places him at a distinct disadvantage because it allows Plaintiff to call into question Dr. Vanderweide's credibility in front of the jury. Thus, to obtain a fair trial and to be able to properly support its defenses to Plaintiff's claims, Defendants maintain that Plaintiff should be ordered to submit to a

8

physical examination by Dr. Vanderweide as there is no less intrusive means to allow Dr. Vanderweide to obtain firsthand knowledge of Plaintiff's physical condition.

Relators attached as exhibits to their motion the plaintiff Abushaaban's "First Amended Petition with Requests for Disclosures"; Abushaaban's deposition; Relators' request for a physical examination of Abushaaban; Abushaaban's refusal (stating, in its entirety, "You are not entitled to a DME at this time. Please file any motions you think are necessary."); and the affidavit of their medical, Dr. Vanderweide ("Affidavit").

In his Affidavit, Dr. Vanderweide testified:

     (1)    My name is David Vanderweide, M.D. I am a licensed medical doctor in the State of Texas, and my medical license is on file and in good standing with the proper authorities. I am a Board Certified Orthopedic Surgeon who has practiced in the state of Texas since 1993. In my practice I have seen, examined, diagnosed, and treated thousands of patients who present with a similar history and complaints as Malek Abushaaban.

     (2)    There is no way to know Mr. Abushaaban's basic physical condition or the nature, extent, and cause of his injuries without examining him first-hand. To understand his current medical condition and assess his future medical status, I need to perform a medical examination.

     (3)    In addition, in my experience as an expert witness, when I render medical opinions without a medical examination, the opposing legal counsel or expert witness points out that I never actually met or examined the patient in an attempt to discredit my testimony. Mr. Abushaaban's examining physicians have met and examined him. The best way to address the potential credibility gap is for me to meet and examine Mr. Abushaaban's medical condition myself.

In his response to the defendants' motion to compel, Abushaaban stated that he did not dispute that his physical condition was in controversy, but he asserted that Relators had not established good cause for the examination, as Rule 204.1 requires. He specifically asserted that Relators had not identified any "actions taken to obtain the information before filing their motion" and had not used "all resources afforded to them to obtain any record prior to the date of the accident." He argued that "it would be less intrusive [to] obtain Plaintiff's medical records for the last ten (10) years than to require Plaintiff to submit to a medical examination. It would also be less intrusive and just as informative for Defendants to depose Plaintiff's treating doctors."

Abushaaban then offered his own legal opinion as to the merits of the defendants' motion to compel his examination by their own expert. He stated, "There is no disagreement that Defendants would have the advantage of obtaining more information by conducting a physical examination. However, 'more information' is not the standard—the standard is relevant information." And he further stated, "The use of physical examinations is to allow parties to investigate injuries at controversy in cases when such information cannot be obtained by any other means." This legal opinion misstates the standard for compelling a physical examination set out in *In re H.E.B. Grocery Co.* and other cases, as shown below.

Abushaaban attached to his response, among other exhibits, his repeated refusals to submit to a physical examination; a release of a long list of medical records of his treatment; and Dr. Vanderwiede's "Controverting Affidavit," stating his opinion as a medical expert that, after reviewing Aubhaaban's medical and billing records, he had concluded that the billing was not reasonable and that the physical therapy ordered was unnecessary.

On March 27, 2017, two weeks after the defendant Relators filed their March 15, 2017 motion to compel Abushaaban's medical examination by their own medical expert, and while that motion was still pending, Abushaaban served on Relators "Plaintiff's First Amended Responses to Defendant's Request for Disclosures," which listed his four treating physicians as medical expert witnesses and also listed as expert witnesses the medical and billing custodians of a number of Abushaaban's treating facilities.

The trial court held a non-evidentiary hearing on Relators' motion to compel Abushaaban's physical examination and signed an order denying the motion on April 7, 2017. The order stated that, on April 7, 2017, "the Court considered Defendant's Motion to Compel Plaintiff to submit to Medical Examination" and heard the arguments of counsel.

Relators thereupon filed this petition for a writ of mandamus directing the trial court to order the physical examination of the plaintiff, Abushaaban. They argue

11

that the standard of proof of a Rule 204.1 motion to compel discovery requires a party seeking the physical examination of a plaintiff (1) to show that the plaintiff's physical condition is in controversy and (2) to establish good cause for the examination by showing that the examination is relevant to the issues in controversy and will produce or likely lead to relevant evidence, that there is a reasonable nexus between the requested examination and the condition of the plaintiff in controversy, and that the desired information cannot be obtained through less intrusive means.

Relators have certified that every factual statement in the petition was "supported by competent evidence included in the appendix or response." They attached to their mandamus petition the record from the trial court as recited above, together with "Plaintiff's Notice of Filing Billing and Medical Records Affidavits," which had been filed in the trial court prior to the filing of their motion to compel; the likewise prior-filed "Affidavit of Maria Castillo," a custodian of records, and "Excerpted Records"; and "Plaintiff's First Amended Responses to Defendant's Request for Disclosures," served on March 27, 2017, while the motion to compel was pending before the trial court. These disclosures listed Abushaaban's four medical expert witnesses and the medical and billing custodians of Abushaaban's treating facilities.

Abushaaban has acknowledged that his physical condition is in controversy, but he objects that Relators have not shown that they have good cause for the examination. The majority agrees with Abushhaaban. I do not.

**Entitlement to Mandamus Relief**

## A.    Standard of Review

Mandamus is an extraordinary remedy that is available when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We give deference to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Servs. L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 910 (Tex. App.—Fort Worth 2015, orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker*, 827 S.W.2d at 840. "[A] clear failure by the trial court to analyze or apply the law correctly will

13

constitute an abuse of discretion." *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302 (quoting *Walker*, 827 S.W.2d at 840). "The relator must establish that the trial court could have reasonably reached only one conclusion." *Id.* at 303.

Mandamus review is available to review an order denying a request for a physical examination under Rule 204.1. *See id.* at 304–05; *In re AutoZone*, 2017 WL 4974559, at *3.

**B.      Motion to Compel the Physical Examination of a Plaintiff Seeking Damages for Personal Injury**

Texas Rule of Civil Procedure 204.1 governs a party's right to the physical or mental examination of a plaintiff seeking damages for personal injury. In relevant part, Rule 204.1 provides:

(a) *Motion. A party may—no later than 30 days before the end of any applicable discovery period—move for an order compelling another party to:*

  (1) *submit to a physical or mental examination by a qualified physician. . . .*

. . . .

(b) *Service*.  The motion and notice of hearing must be served on the person to be examined and all parties.

(c) *Requirements for obtaining order*.  The court may issue an order for examination only *for good cause shown and only* in the following circumstances:

    (1) *when the . . . physical condition . . . of a party . . . is in controversy. . . .*

14

TEX. R. CIV. P. 204.1 (a), (b), (c) (emphasis added).

### 1.    *Standard of Proof for Order to Compel under Rule 204.1*

"The general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007).

Under Rule 204.1, a party may move for an order compelling another party to submit to a physical examination by a qualified physician. *See* TEX. R. CIV. P. 204.1(a)(1). The rule, however, "does not grant an automatic right to obtain a mental or physical examination." *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 866 (Tex. App.—Dallas 2014, orig. proceeding). Rather, to obtain an order for a physical examination under Rule 204.1(c), a movant must show that a party's condition is "in controversy" and there is "good cause" for the examination. TEX. R. CIV. P. 204.1(c)(1). Absent a showing of both prongs, the trial court may not order the examination. *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988).

Physical injuries are placed "in controversy" "when a party (1) places the condition into controversy by employing it either in support of, or in defense of, a claim or (2) a party affirmatively shows that the condition is in controversy." *In re AutoZone*, 2017 WL 4974559, at *2. To establish "good cause," the movant must show that (1) the examination is relevant to the issues in controversy and "will produce or likely lead to relevant evidence," (2) there is "a reasonable nexus between

15

the requested examination and the condition in controversy," and (3) the desired information cannot be obtained through less intrusive means. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303. The good-cause requirement's purpose is "to balance the movant's right to a fair trial and the other party's right to privacy." *Id.*

Whether to grant a motion for a physical examination is a matter within the trial court's discretion. *In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *In re Ten Hagen*, 435 S.W.3d at 866. However, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302.

### 2. *Application of the Standard of Proof*

#### a. *"In controversy"*

In the trial court, Abushaaban expressly stated that he did not dispute having placed his physical condition in controversy. He alleged that, as a result of the collision, he "sustained personal injuries for which he had to seek the care of medical professionals," and he sought damages for, among other things, his past and future physical pain, reasonable and necessary costs for past and future medical care, and past and future physical impairment and disfigurement.

Abushaaban sought treatment for his physical condition from four treating physicians, all of whom he designated as testifying experts as to his physical

16

condition in his "First Amended Responses to Defendant's Request for Disclosures"; and he used the services of a number of medical providers, whose custodians of records he also designated as expert witnesses.

The majority acknowledges that "Abushaaban did not dispute that his physical condition is in controversy." Slip Op. at 4. This conclusion is fully in accord with controlling law. Indeed, the situation and the parties' arguments in this case are identical to those in *In re H.E.B. Grocery Co.*, in which the supreme court held that the plaintiff's physical condition was in controversy, stating, "First, as to relevance, the issues in controversy are the existence and extent of Rodriguez's physical injuries—most notably to his neck and shoulder—as well as the cause of those injuries. Dr. Swan attested that he expects to glean information from the examination concerning these very issues." 492 S.W.3d at 303; *see In re AutoZone*, 2017 WL 4974559 at *2 ("By designating expert medical testimony to prove his alleged physical condition, [Plaintiff] has placed his physical condition 'in controversy.'"); *see also Coates*, 758 S.W.2d at 753; *In re Offshore Marine Contractors*, 496 S.W.3d at 800; *In re Ten Hagen*, 435 S.W.3d at 868.

The "in controversy" requirement for proving Relators' entitlement to a medical examination of Abushaaban, a personal injury plaintiff, is established as a matter of law.

17

### b. "Good cause"

Abushaaban contends, however, that even if he placed his condition in controversy, Relators have not shown "good cause" for a physical examination by their own expert physician, and the majority agrees.

### (i) Relevance and reasonable nexus

The first two elements of Rule 204.1's "good cause" prong require Relators to show that (1) the examination is *relevant* to the issues in controversy and would produce, or would likely lead to, relevant evidence, and (2) there is "a *reasonable nexus* between the requested examination and the condition in controversy." *See In re H.E.B. Grocery Co.*, 492 S.W.3d at 303 (emphasis added) (citing Tex. R. Civ. P. 204.1); *In re Offshore Marine Contractors*, 496 S.W.3d at 800.

Relators assert that the requested examination is necessary and relevant because Abushaaban sought medical treatment from several physicians for his injuries and Relators' own medical expert, Dr. Vanderweide, needed to evaluate Abushaaban "to determine [his] current physical status with regards to the injuries he claims are a result of the incident." The Relators claim that there is a reasonable nexus between the condition in controversy and the examination because the requested examination has "a direct bearing on all of the claims for damages" and Relators' defenses, "specifically, [their] challenges to the nature, extent, and cause of [Abushaaban's] injuries," including "whether his injuries resolved through his

18

post-accident care, whether he require[ed] future medical care, and the degree to which, if any, [he would] be impaired in the future."

Relators attached as exhibits in support of their motion to compel Abushaaban's First Amended Original Petition, his deposition testimony, and Dr. Vanderweide's affidavit confirming his need for the examination, opining that Abushaaban's examining physicians had met and examined him, that he had not been permitted to examine him, that "in my experience as an expert witness, when I render medical opinions without a medical examination, the opposing legal counsel or expert witness points out that I never actually met or examined the patient in an attempt to discredit my testimony," and that "[t]he best way to address the potential credibility gap is for me to meet and examine Mr. Abushaaban's medical condition myself."

Abushaaban's petition shows that he seeks to recover past and future medical costs resulting from his injuries. At his deposition, he testified about his medical treatment, including a recommendation that he have lower back surgery, and his continuing pain in his back, neck, and knee. And Dr. Vanderweide's affidavit testimony indicates that the examination would assess Abushaaban's "basic physical condition," his "current medical condition," "his future medical status," and "the nature, extent, and cause of his injuries."

19

As shown by the mandamus record, the extent and cause of Abushaaban's alleged injuries were in controversy, the information sought by the examination was relevant to the injuries claimed by Abushaaban, and there was "a reasonable nexus between that condition and the requested examination."

Again, the situation is on all fours with that in *In re H.E.B. Grocery Co.*, in which the supreme court held that the "relevance" and "reasonable nexus" elements of good cause were established. With respect to relevance, immediately after concluding that the plaintiff had placed his physical injuries in controversy by seeking damages for them, the court stated,

> Rodriguez argues that Dr. Swan was able to formulate an opinion without requesting or conducting an examination, but we fail to see how this undermines the examination's *relevance* or otherwise extinguishes any right HEB may have to such an examination.

492 S.W.3d at 303 (emphasis added); *see also In re AutoZone*, 2017 WL 4974559 at *2. It continued:

> HEB has also established a *reasonable nexus* between the requested examination and the condition in controversy. Again, the purpose of the examination is to determine the existence, nature, and extent of the injuries Rodriguez sustained on HEB property. The condition in controversy is Rodriguez's physical health—his past, present, and future injuries related to the fall and other causes, and the extent of his damages. *The requested examination thus directly relates to the condition in controversy and satisfies the nexus requirement*.

492 S.W.3d at 303 (emphasis added, internal citations omitted); *see In re AutoZone*, 2017 WL 4974559, at *2; *In re Reliable Commercial Roofing Servs., Inc.*, No. 01-

20

15-00450-CV, 2016 WL 3345483, at *6 (Tex. App.—Houston [1st Dist.] May 24, 2016, orig. proceeding) (mem. op.).

*(ii)Inability to obtain the evidence through less intrusive means*

The only remaining question is whether Relators established the third element of Rule 204.1's "good cause" prong, that is, their inability to obtain the information sought through less intrusive means. *See* TEX. R. CIV. P. 204.1(c); *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303. The majority holds that this prong was not satisfied in this case. As support for its conclusion, the majority merely recites, in parentheticals, a general phrase from each of several cases, including *In re H.E.B. Grocery Co.*, suggesting that these cases support its conclusion, when, in fact, they reach the opposite conclusion as to this prong of the test. Slip Op. at 8–9.

In the trial court, Relators asserted that an examination "could provide substantive information not available in the records," that Dr. Vanderweide could not "comment on first-hand knowledge of [Abushaaban's] exhibited symptoms" without "an opportunity to personally examine [him]," and that requiring Dr. Vanderweide to testify at trial without the benefit of examining Abushaaban "plac[ed] him at a distinct disadvantage" because Abushaaban could "call into question Dr. Vanderweide's credibility in front of the jury." Relators further asserted that they could not obtain the requested information through less intrusive means because Abushaaban would not allow an examination without a court order

21

and "there is no less intrusive means to allow Dr. Vanderweide to obtain firsthand knowledge of Plaintiff's physical condition." Dr. Vanderweide himself testified that "in my experience as an expert witness, when I render medical opinions without a medical examination, the opposing legal counsel or expert witness points out that I never actually met or examined the patient in an attempt to discredit my testimony," and "[t]he best way to address the potential credibility gap is for me to meet and examine Mr. Abushaaban's medical condition myself."

In their mandamus petition, Relators contend that an examination of Abushaaban is warranted because he has "designated his medical providers as expert witnesses and has submitted affidavits with their medical records" and "a compelled medical examination is the least intrusive method to obtain medical evidence in a battle of expert witnesses."

The situation is once again identical to that in *In re H.E.B. Grocery Co.*, in which the Texas Supreme Court opined:

> Finally, *HEB has shown that the desired information cannot be obtained by less intrusive means.* Although Dr. Swan has reviewed Rodriguez's medical records, he explained in his deposition why "a treating doctor is in a better position to examine and treat a patient's injuries" than a "records review doctor." Significantly, *Rodriguez intends to prove causation and damages through expert testimony, and Rodriguez's expert has already examined him. HEB merely seeks to allow its competing expert the same opportunity, and the results of Dr. Swan's requested examination go to the heart of HEB's defense strategy.*

492 S.W.3d at 303–04 (emphasis added, internal citations omitted).

22

This Court followed the supreme court in *In re H.E.B. Grocery Co.* on this exact point in *In re AutoZone* and it reached the exact same conclusion. We opined,

> ***Less Intrusive Means***. Finally, [the Plaintiff] *contends that there are less intrusive means to obtain his medical information*, pointing out that his doctors will be made available for deposition, and in any event, his medical records already have been made available. Similar "less intrusive means" arguments have been considered and rejected by the Texas Supreme Court and this court. *See H.E.B. Grocery Co.*, 492 S.W.3d at 303–324. . . . *As the Texas Supreme Court reasoned, requiring a defendant's medical expert to testify without the benefit of having examined the plaintiff places that expert at a distinct disadvantage at trial*. *See H.E.B. Grocery Co.*, 492 S.W.3d at 304.

2017 WL 4974559, at *3 (emphasis added, some internal citations omitted). We concluded, "We hold that the trial court erred in denying the request for a physical examination." *Id.*

Finally, while the instant case was pending, another panel of this Court issued an opinion granting mandamus relief in *In re Kirby Inland Marine*—a very similar case except that the trial court in *Kirby Inland* merely placed unreasonable restrictions on the medical examination of the plaintiff; it did not deny the physical examination altogether, as here. *In re Kirby Inland Marine, L.P.*, No. 01-18-00383-CV, 2018 WL 3468476, at *3–4 (Tex. App.—Houston [1st Dist.] July 18, 1018, orig. proceeding) (mem. op., per curiam).

The majority opinion in this case contradicts all three of these binding precedents on essentially identical material facts and evidence. Accordingly, its ruling affirming the trial court's denial of the defendant Relators' motion to compel

23

the physical examination of the plaintiff Abushaaban is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382.

## C.    The Mandamus Record

Finally, the majority observes, "The order denying Relators' motion indicates that the trial court *only* considered the 'Motion to Compel' and heard counsels' arguments," and "Relators' counsel has certified in the mandamus proceeding that '[n]o exhibits were offered in evidence at the hearing, and no testimony was adduced in connection with the matter complained of.'" *Id.* at 7.

The majority seizes upon these facts as if they were proof that the motion to compel was properly denied because insufficient evidence was presented to the trial court to satisfy the defendant Relators' burden of proving that they had good cause to seek the plaintiff Abushaaban's physical examination under Rule 204.1.  But, in fact, the opposite is the case.

The majority's description of the record in the trial court is misleading and incorrect on the law.  The hearing below was a non-evidentiary hearing on a discovery motion.  Contrary to the majority's apparent understanding, parties are not required to obtain transcripts of non-evidentiary hearings on discovery matters to preserve error in the denial of the order; nor is oral testimony required at such a

hearing. *In re Ooida Risk Retention*, 475 S.W.3d at 911; *In re Pinnacle Eng'g, Inc.*, 405 S.W. 3d 835, 840 n.4 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding).

Texas Rule of Appellate Procedure 52.7 governs the record on mandamus from a ruling on a discovery order, including an order under Rule 204.1. It provides for mandamus from both evidentiary and non-evidentiary hearings on a motion to compel and recites the requirements for the mandamus record. It states that the "[r]elator must file with the petition. . . (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "(2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, *or a statement that no testimony was adduced in connection with the matter complained of*." TEX. R. APP. P. 52.7(a) (emphasis added). After the record is filed, any party may supplement the record from the trial court with "additional materials for inclusion in the record." TEX. R. APP. P. 52.7(b). All materials filed for inclusion in the record must be served on all parties. TEX. R. APP. P. 52.7(c). Rule 52.8 then states that the appellate court will determine its ruling on the petition "from the petition and any response and reply." TEX. R. APP. P. 52.8(a).

Here, the trial court held a non-evidentiary hearing. Therefore, in their mandamus petition, Relators followed Rule 52.7(a)(2) and, "[i]n place of a transcript of relevant testimony and exhibits introduced in an underlying proceeding . . .

25

provide[d] a 'statement that no testimony was adduced in connection with the matter complained of'"— as the majority acknowledges. *See* TEX. R. CIV. P. 52.7(a)(2); Slip Op. at 7 (stating, "Relators' counsel has certified in the mandamus proceeding that '[n]o exhibits were offered in evidence at the hearing, and no testimony was adduced in connection with the matter complained of.'").

Rules 52.7, 52.8, and the applicable case law all direct the court of appeals to look to the mandamus record—i.e., "the petition and any response and reply"—to determine the proper outcome of a discovery motion. When there is no statement of facts from the hearing in the trial court or findings of fact or conclusions of law by that court and when the trial court heard no evidence and, instead, based its decision on the papers filed and the argument of counsel, that is the record to which the Court of Appeals must look. *See* TEX. R. APP. P. 52.7, 52.8; *Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex. 1993) (applying rule in discovery sanctions case); *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d at 840 n.4 (granting petition for mandamus filed on denial of motion to compel physical examination under Rule 204.1, holding that transcript of hearing was not necessary on non-evidentiary motion and citing *Otis Elevator Co.*); *In re Ooida Risk Retention*, 475 S.W.3d at 911 (upholding trial court's order on mandamus, where trial court heard no evidence and there was no reporter's record, in combined hearing on summary judgment and motion to appoint umpire

26

and stating, "Parties are not required to obtain transcriptions of non-evidentiary hearings to preserve error").

Both the trial court and the majority have failed to follow the law governing the proof of a Rule 204.1 motion to compel, have failed to credit evidence in support of the motion properly before the court, and have improperly denied the defendant Relators an order compelling the physical examination of a plaintiff seeking damages for his personal injuries alleged to have been caused by defendants so that Relators may combat assertions made in support of the plaintiff Abushaaban's claims by his for medical experts.

The majority opinion and ruling conflict not only with the binding precedent of this Court, but also with binding precedent from the Texas Supreme Court on important points of law governing the proof of a motion to compel the physical examination of a plaintiff seeking damages for personal injury under Texas Rule of Civil Procedure 204.1. Both the majority's ruling and its order refusing to stay proceedings in the trial court pending trial on the merits in less than two months are unjust. Therefore, I would conclude that the majority's ruling also violates Rule of Civil Procedure 1, which requires the "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *See* TEX. R. CIV. P. 1. Moreover, I would conclude that the majority opinion in this original

proceeding satisfies the criteria for en banc review by this Court and for review by the Texas Supreme Court. *See* TEX. R. APP. P. 41.2(c), 52.1, 56.1.

## Conclusion

I would grant the petition for writ of mandamus. I would hold that the trial court's order denying Relators' Rule 204.1 motion to compel is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, and therefore an abuse of the trial court's discretion. And I would order the trial court to vacate its prior ruling and to grant Relators' Rule 204.1 motion to compel the physical examination of the Plaintiff, Malek Abushaaban.

Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Keyes, J., dissenting.