**Opinion issued April 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00619-CV

_____

## IN RE FIRST TRANSIT, INC., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator First Transit, Inc. seeks mandamus relief concerning the trial court's April 25, 2023 order denying its motion for medical examinations of real party in interest Stephon Gladney by relator's experts.[1] We conditionally grant the petition in part and deny it in part.

---

[1] The underlying case is *Stephon Gladney v. Gwendolyn Neveu and First Transit, Inc.*, cause number 2022-12656, pending in the 189th District Court of Harris County, Texas, the Honorable Tamika Craft presiding.

This mandamus arises from a personal injury lawsuit in which real party in interest Stephon Gladney sued relator First Transit, Inc. and Gwendolyn Neveu for injuries received in a collision between a bus and the lift carriage in which Gladney was working. Gladney alleged that on September 30, 2020, he was working on a traffic light for the City of Houston in a City of Houston truck on a lift carriage secured by a harness. Gladney alleges that Neveu, the driver of the bus, made a right turn onto Houston Avenue and hit the truck Gladney was in, which propelled him to the front of the lift carriage. Gladney claims that Neveu was in the course and scope of employment with First Transit, the motor carrier owner of the bus, and was inattentive and failed to exercise reasonable care.

First Transit requested that Gladney submit to examinations by First Transit's retained experts, but Gladney refused. First Transit then filed a motion to compel Gladney to submit to medical examinations related to his orthopedic and neurological injuries. In the motion, First Transit asserted that Gladney had received treatment in October 2021, including a laminectomy and discectomy, at L5-S1 from Dr. Jeffrey Reuben, an orthopedic surgeon. First Transit also asserted that Gladney made a claim for workers' compensation and saw another doctor, Dr. Richard Lutz, who reviewed Gladney's medical records in connection with the workers' compensation claim. Finally, relator noted that Gladney had seen Dr. Cabe Owens,

2

a physician clinical neurophysiologist, who began treatment on November 20, 2020 and diagnosed Gladney with diffuse traumatic brain injury.

First Transit asked the trial court to compel Gladney to submit to an examination by its designated neurology expert, Dr. Steven Lovitt, M.D., a neurologist, who had reviewed Gladney's medical records and submitted an affidavit concerning the need to perform in-person testing for possible cognitive disorders. First Transit also asked for an orthopedic examination by its expert, Dr. R. Alexander Mohr, M.D., an orthopedic surgeon, who at the time of the hearing had not yet been designated as an expert.

After a hearing, the trial court denied the motion to compel.

## Standard of Review

To show entitlement to mandamus relief, a relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 125–26 (Tex. 2004) (orig. proceeding). To establish that the trial court abused its discretion, a relator must show that the trial court reached "a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). As to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for the trial court's unless relator

establishes that the trial court could reasonably have reached only one decision. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).

**Availability of Independent Medical or Mental Examinations**

First Transit asserts that the trial court abused its discretion in denying the motion to compel an independent examination of Gladney by First Transit's medical experts. To request a physical or mental examination of a party, the movant must establish "good cause" for the examination and that the mental or physical condition of the party "is in controversy." *In re H.E.B. Groc. Co., L.P.*, 492 S.W.3d 300, 303 (Tex. 2016) (orig. proceeding) (citing to TEX. R. CIV. P. 204.1). The United States Supreme Court has held that these two requirements are not satisfied "by mere conclusory allegations of the pleadings—nor by mere relevance to the case." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964); *see also Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988). "The purpose of Rule 204.1's good-cause requirement is to balance the movant's right to a fair trial and the other party's right to privacy." *H.E.B. Groc.*, 492 S.W.3d at 303.

> To show good cause, the movant must show the following:
>
> (1) show that the requested examination is relevant to issues in controversy and will produce or likely lead to relevant evidence,
>
> (2) establish a reasonable nexus between the requested examination and the condition in controversy, and

(3) demonstrate that the desired information cannot be obtained by less intrusive means.

*Id.*

First Transit asserts in its petition that Gladney placed his condition "in controversy" and First Transit had established good cause for the requested exams. In response, Gladney argues that relator failed to establish good cause but a review of his response indicates that Gladney is only challenging whether the information could be obtained by less intrusive means. This element "addresses whether the desired information 'is required to obtain a fair trial and therefore necessitates intrusion upon the privacy of the person he seeks to have examined.'" *In re Offshore Marine Contractors, Inc.*, 496 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (quoting *Coates*, 758 S.W.2d at 753). If the movant may obtain the same information by deposing the opponent's physicians or by reviewing existing expert reports or medical records, the relator is unable to demonstrate that it cannot obtain the desired information through less intrusive means. *See id.* Because courts must attempt to balance the movant's right to a fair trial and the opponent's right to privacy, we must evaluate the adequacy of the less intrusive measures "in light of the fair trial standard." *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 870 (Tex. App.—Dallas 2014, orig. proceeding).

In *Offshore Marine*, a panel of this Court granted mandamus relief to vacate the trial court's denial of Offshore Marine Contractor's (OMC) motion to allow its retained neuropsychological expert to examine the plaintiff. 496 S.W.3d at 798, 804. Our court found that, just as the Dallas court found in *Ten Hagen*, OMC's expert offered a detailed explanation of why he could not confidently rely on the plaintiff's previous examinations or medical records. *Id.* at 801. OMC's expert stated that plaintiff's expert's findings were "inconsistent with typical symptoms of concussion and there are indications of test score errors and possible misrepresentations by [plaintiff] of his symptoms." *Id.* at 801. Thus, the Court held that OMC had "met its burden of showing that the fair-trial standard for measuring the adequacy of the alternative means of obtaining the information could not be satisfied by deposing Pollock and Tilton [plaintiff's experts] or by reviewing their records." *Id.* at 801–02.

## A. Dr. Lovitt

Attached to its motion to compel, First Transit included an affidavit from its neurology expert, Dr. Lovitt. Attached were Gladney's medical records which Dr. Lovitt had reviewed with a report concerning his review. Lovitt concluded that no physician had performed proper neurocognitive testing, and the testing that was performed was not the appropriate type of testing to diagnose a cognitive disorder. Dr. Lovitt noted that Gladney's physician had performed computerized testing and

EEG=Evoked Potential Testing that, according to Dr. Lovitt were "not true neuropsychiatric testing." Dr. Lovitt stated: "No cognitive disorder can be confirmed without performing in-person cognitive testing." Because no in-person cognitive testing had been performed, Dr. Lovitt concluded that the testing shown by Gladney's medical records could not support a diagnosis of cognitive disorder. This indicates that a review of the medical records would not supply the desired information and, if the records could not supply that information, neither could a deposition of any of these physicians.

This evidence supports a finding that First Transit met its burden of "demonstrating that the fair-trial standard for measuring the adequacy of the alternative means of obtaining the information could not be satisfied by deposing [Gladney's providers] or by reviewing their records." *Id.* at 801–02; *see also H.E.B. Groc.*, 492 S.W.3d at 304 (HEB met burden of showing information its medical expert needed could not be obtained by reviewing records of plaintiff's expert); *In re Transwestern Pub. Co., L.L.C.*, 96 S.W.3d 501, 507 (Tex. App.—Fort Worth 2002, orig. proceeding) (relator established that deposing plaintiff's expert would not permit relator to make its own analysis of plaintiff's mental anguish or effectively challenge plaintiff's expert's opinions).

Gladney assails Dr. Lovitt's report, stating that it merely concluded that the treatment of Gladney was not reasonable and was excessive, but the affidavit states

that it concerns "billing records and medical care and treatment of Stephon Gladney." Although Dr. Lovitt stated that the "care and treatment rendered to Stephon Gladney was not reasonable and necessary and was in fact, excessive," he also states that his report attached as "Exhibit A" details his opinions and impressions. His report lists all the medical records he reviewed, with an in-depth description of each, and his conclusions that the testing did not support a cognitive injury. Dr. Lovitt asserted that appropriate in-person testing was not done, and he listed tests that should have been, but were not performed to assess cognition.

In its motion to compel, First Transit argued that, without the opportunity to personally examine Gladney, Dr. Lovitt would be at a distinct disadvantage and would be unable to make his own observations and explore matters not covered in Gladney's physician's examinations. We conclude that First Transit provided sufficient proof to establish it would be unable to obtain the same information by a review of the medical records or by deposing the physicians. *See In re Advanced Powder Solutions, Inc.*, 496 S.W.3d 838, 851 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (holding that expert was unable to obtain information less intrusively because plaintiff's expert had based his four-page report and conclusions on his own examination of plaintiff and review of other medical records or a deposition of this expert would not suffice as substitute). Accordingly, First Transit

8

has established that the trial court abused its discretion in denying relator's motion to compel an independent examination by Dr. Lovitt.

## B. Dr. Mohr

First Transit also sought an independent orthopedic examination by Dr. Mohr, but the record before the trial court does not support entitlement to mandamus relief. Gladney complains that First Transit "never provided the court the analysis of Dr. Mohr regarding the need for physical exam of Mr. Gladney." The motion to compel contains Dr. Mohr's curriculum vitae but no affidavit by Dr. Mohr detailing the need for an independent orthopedic examination nor why a review of the records or deposition of Gladney's orthopedic physician would not be sufficient. The attachments to First Transit's motion to compel include a report by Dr. Richard A. Lutz, which may have been created in connection with a workers' compensation claim. This report states that Gladney had a prior history of lumbar degenerative disc disease and spondylosis unrelated to the work injury and that the objective clinical findings showed that the accident did not accelerate, aggravate, or otherwise temporarily or permanently worsen this pre-existing condition. Although these records raise a concern about Gladney's alleged orthopedic injury, the lack of an affidavit by Dr. Mohr explaining the need for an independent orthopedic examination and the inability to obtain this information from the medical records or deposition of Gladney's physician supports the trial court's ruling. We cannot say

9

that the trial court could have reached only one decision and thus, abused its discretion in denying the motion to compel as to an examination by Dr. Mohr. *See In re Sanchez*, 571 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) (considering record before trial court when it denied motion to compel, relators did not establish trial court abused its discretion in denying motion to compel physical examination of plaintiff).

**First Transit lacks an adequate remedy by appeal**

Generally, a party who is improperly denied discovery will not have an adequate remedy by appeal "(1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record." *Ten Hagen*, 435 S.W.3d at 863 (citing *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding)). When the denial of discovery prevents a party from developing essential elements of its claim or defense, it goes to the heart of a party's case. *See Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding). The adequacy of the remedy by appeal is based on a "'balancing [of] the benefits and detriments of mandamus.'"

10

*Offshore Marine Contr.*, 496 S.W.3d at 804 (quoting *H.E.B. Groc. Co.*, 492 S.W.3d at 304).

Although there may be situations in which a party might be able to develop and present a viable defense even if denied a medical examination, this is not the case here. Dr. Lovitt has reviewed all of the medical records and has determined that, in his professional opinion, improper testing has been done regarding any alleged neurocognitive injuries and that to determine the extent and necessary care for any such injuries, he would need to examine Gladney and perform proper testing. Thus, under the facts of this case, the inability to conduct an independent examination both severely compromises First Transit's ability to develop a defense to Gladney's claims but will also deny this Court the ability to properly evaluate the effect of the trial court's ruling on appeal. *See Ten Hagen*, 435 S.W.3d at 864; *Offshore Marine Contr.*, 496 S.W.3d at 804. Therefore, we conclude that First Transit lacks an adequate remedy by appeal of the trial court's denial of the motion to compel.

**Conclusion**

Having determined that the trial court abused its discretion in denying First Transit's motion to compel an examination by Dr. Lovitt, we conditionally grant First Transit's petition for writ of mandamus, in part, and order the trial court to (1) vacate its April 25, 2023 order denying the motion to compel, and (2) grant the

11

motion to compel an examination by Dr. Lovitt.  We deny the petition for writ of mandamus concerning the trial court's denial of the motion to compel an examination by Dr. Mohr.  The writ will issue only if the trial court refuses to do so.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.