**Petition for Writ of Mandamus Conditionally Granted, Stay Lifted, Motion Denied as Moot, and Memorandum Opinion filed January 17, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00941-CV**

---

**IN RE HIMANSHI RAIZADA, Relator**

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
387th District Court
Fort Bend County, Texas
Trial Court Cause No. 20-DCV-278410**

---

## MEMORANDUM OPINION

On December 15, 2023, relator Himanshi Raizada ("Himanshi") filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Janet Heppard, presiding judge of the 387th District Court of Fort Bend County, to vacate the trial court's November 27, 2023 order requiring Himanshi to turn over her phone for forensic examination. We conditionally grant the petition.

## I.  BACKGROUND

The underlying proceeding concerns an adversarial divorce with contested issues on custody and property division.  Trial is scheduled for January 16, 2024.

**A.  Vivek's requests for production and Himanshi's responses and/or objections**

During the course of discovery, real party in interest Vivek Raizada's ("Vivek") requested production of Himanshi's WhatsApp communications.

**1.  First request for production number 49**

Vivek requested in his first request for production the following:

49.  WhatsApp chat transcripts – All WhatsApp chat transcripts, with any attached media (including pictures or videos) between HIMANSHI RAIZADA and any other person.  The instructions for downloading the transcripts are as follows . . . .

In response, Himanshi responded, without objection, that "[a]fter diligent search, no items were located that are responsive to this request."  Himanshi filed a first supplemental response, providing as follows:

Responsive documents are produced in Drop Box Folder named Raizada Production Docs and Bates numbered 'Raizada RFP 000150 through and including 000786.'  Additional information is being produced in response to this request that is not in a format that supports Bates labeling.

In a second supplemental response, Himanshi further answered:

SECOND SUPPLEMENTAL RESPONSE: Documents responsive to this request in Respondent's possession are produced herein as Bates Numbers RESP HR 2ND SUPP RRFP 000086 to RESP HR 2ND SUPP RRFP 000243 and as the following audio/video file folders:

2

RFP 49- Videos- whatsappchatwithanjalikapoor
RFP 49- Videos- whatsappchatwithmyhubby

Himanshi provided a fifth supplemental response that answered "[d]ocuments responsive to this request in Respondent's possession are produced herein as Bates Numbers RESP HR 5th SUPP RRFP 000086 to RESP HR 5th SUPP RRFP 000095." In a ninth supplemental response, Himanshi answered that "I have sent my whatsapp data to your office."

### 2. Second request for production number 1

In a second request for production, Vivek requested Himanshi's phone to be turned over for forensic inspection:

Second Request for Production Number 1:

1. A copy of all digital images including images of Petitioner, Respondent or any child the subject of this and all metadata (including but not limited to date, time and location photo and when image was taken) associated with such digital images that were produced. If you are unable to produce the metadata for each digital image, please provide the hard drives of your home computer(s)[,] office computer(s), and your cellphone(s) and any other electronic devices in your possession and access to Eric Devlin at Lone Star Forensic located at 800 Wilcrest, Suite 175, Houston, Texas 77042.

Himanshi objected to Vivek's second request for production as follows:

Objection is made to this request in that this request as [sic] overbroad, vague, unduly burdensome and harassing in that the information sought constitutes a fishing expedition as that term is defined in Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Objection is made to the production request to the extent it subjects Respondent to undue burden, unnecessary expense, harassment, or annoyance. Tex. R. Civ. P. 192.6(b).

Objection is made to the production request to the extent it subjects Respondent to an invasion of personal, constitutional, or property rights. Tex. R. Civ. P. 192.6(b).

The discovery sought is not relevant and is not calculated to lead to any discoverable matter.

Thereafter, Himanshi supplemented her objections with the following:

Subject to and without waiving the foregoing objections, Respondent responds as follows:

Provided are 71 digital images, along with the attached 24 page listing of photos with corresponding bates label and image name.

**B.      Vivek's motion to compel and trial court order**

On October 31, 2023, Vivek filed a first amended motion to compel discovery and for sanctions, seeking to compel Himanshi's complete responses to the requests for production discussed above.[1]   In his motion, Vivek noted that Himanshi did not object to request for production number 49; however, Himanshi only produced messages for a limited time period.  Vivek requested that she be ordered to produce any and all responsive documents or, in the alternative, produce her cell phone for forensic inspection.  With respect to Himanshi's objections to his second request for production number 1, Vivek maintained that the objections

---

[1]  Vivek contends that in September 2023, Himanshi filed a motion to reconsider confirmation of an arbitration award and, within the motion, inserted screenshots of alleged WhatsApp messages between relator and Vivek that relator had not produced.  According to Vivek, the messages would have been responsive to Vivek's request for production number 49. Thereafter, Vivek filed an amended motion to compel and for discovery sanctions.

4

were invalid and that she failed to produce metadata for the images produced. Vivek argued that Himanshi's objections should be overruled and that she should be required to produce all documents responsive to the request, including all metadata associated with each digital image. In the alternative, Vivek requested that Himanshi be ordered to produce her cell phone for forensic examination.

On November 27, 2023 the trial court granted Vivek's amended motion to compel and ordered Himanshi to turn over her phone for forensic examination.

> 1. VIVEK RAIZADA's First Request for Production #49:
>
> HIMANSHI RAIZADA is ORDERED to produce her cell phone to Eric Devlin during regular business hours at Lone Star Forensics, located at 800 Wilcrest, Suite 175, Houston, Texas 77042 on or before 5:00 p.m. on or before November 27, 2023. IT IS ORDERED that Eric Devlin is given 48 hours from the date and time of delivery of the cell phone to perform a forensic evaluation of the WhatsApp chat transcript, with any attached media (including pictures and videos) between Himanshi Raizada and Vivek Raizada and between Himanshi Raizada and Anjali Kapoor from the date the petition for divorce was filed (November 20, 2020) through the present, including any communications that have been deleted.
>
> 2. Attorney's fees, costs and expenses incurred by VIVEK RAIZADA in association with the preparation and prosecution of this Motion will be considered at the time of final trial.

Himanshi did not comply with the trial court's order. On December 13, 2023, Vivek filed a motion for enforcement. Additionally, on December 15, 2023, Vivek filed a motion for sanctions for spoliation of evidence.[2]

---

[2] According to Vivek, on December 18, 2023, Himanshi served her 6th supplemental response to disclosures which included an "forensic expert" CV for Aran Hughes, and a July 17, 2023 invoice from Vidoc Razor, LLC for forensic services of her cell phone. Himanshi has not provided Vivek with that forensic analysis.

5

On December 15, 2023, Himanshi filed this petition for writ of mandamus as well as a motion for temporary relief. This Court stayed the trial court's order compelling production and requested Vivek's response to Himanshi's petition for writ of mandamus.

## II.  ANALYSIS

Himanshi argues that the trial court abused her discretion "in ordering Himanshi to turn over her phone for forensic examination, without restriction, without guidelines for the protection of privileged information and other unrelated sensitive data, without proof that there would be data found, and where Himanshi had agreed to provide data and metadata targeted to the relevant issues, without such intrusion."  Himanshi asserts that Vivek failed to establish his entitlement to directly access her electronic devices under the standards articulated in *Weekley Homes* and its progeny.  *See In re Weekley Homes*, 295 S.W.3d 309 (Tex. 2009) (orig. proceeding); *see also In re Shipman*, 540 S.W.3d 562 (Tex. 2018) (orig. proceeding); *In re Methodist Primary Care Group*, 553 S.W.3d 709 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).  Himanshi further contends that she lacks an adequate remedy by ordinary appeal and that mandamus relief is appropriate.

Vivek filed a response in opposition to the petition as well as a motion for expedited consideration, noting trial is scheduled for January 16, 2024.  Vivek maintains that the trial court's order was entered within its broad discretion.  Vivek asserts that the trial court's order does not violate the principles set forth in *Weekley Homes* and *Shipman*.  Vivek argues that Himanshi had three years to search herself for the records requested.  He further notes that Himanshi did not object to the request for production number 49, but, instead, provided incomplete

responses. Vivek had requested WhatsApp messages between he and relator from December 1, 2015, to present; however, relator only produced messages for the time period of February 12, 2022 to May 12, 2022. Additionally, Vivek asserts that he had requested WhatsApp messages between relator and her friend, Anjali Kapoor, from December 1, 2015, but only received from relator messages for the time period of June 27, 2021 to November 8, 2021. Vivek claims that, applying the proper procedure in *Weekley Homes*, the trial court signed an appropriately narrow order. Vivek asserts that the trial court order limited the scope of the forensic evaluation to only Whatsapp messages between Himanshi and Vivek and between Himanshi and Kapoor during the pendency of this divorce—the date the petition for divorce was filed (November 20, 2020) to present. Vivek further maintains that "[u]like *Shipman*, this case involves more than 'skepticism about [respondent]'s production of the relevant records.'" According to Vivek, Himanshi has relied on purported messages that she did not produce in discovery. Vivek argues that this fact, coupled with his own forensic examination of his and Kapoor's phones, renders the question of whether Himanshi has failed to comply with discovery requests and/or spoliated or fabricated evidence concrete and feasible, not merely "skeptical." Vivek contends that, unlike the overreaching order in *Shipman*, the underlying trial court order here does not broadly require examination of all of Himanshi's electronics for a period scanning almost two decades. Vivek request that this Court expeditiously deny Himanshi mandamus relief.

7

## A. Mandamus standard of review

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302-03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Id.*

A discovery order, including one requiring production of electronic data and information, that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam); *Methodist Primary Care Grp.*, 553 S.W.3d at 714. The harm that a party will suffer from being required to relinquish control of its data for forensic inspection, and the harm that might result from revealing private conversations, trade secrets, and privileged or otherwise confidential communications, cannot be remedied on appeal. *See Weekley Homes*, 295 S.W.3d at 322-23.

**B.    Law applicable to the production of electronic storage devices**

*Weekley Homes* explained the standards for granting an expert access to data on another party's electronic storage device. As examinations of that sort are "particularly intrusive," they are "generally discouraged" and should not be ordered routinely. *Id.* at 317; *Methodist Primary Care Grp.*, 553 S.W.3d at 717.

As a threshold to granting direct access to electronic devices, "'the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data.'" *Shipman*, 540 S.W.3d at 567 (quoting *Weekley Homes*, 295 S.W.3d at 317). The requesting party should also show that the responding party's production has been inadequate and that a search of the opponent's electronic storage device is reasonably likely to reveal responsive information. *See Weekley Homes*, 295 S.W.3d at 317, 319-21; *Methodist Primary Care Grp.*, 553 S.W.3d at 718. This burden is "high," *Shipman*, 540 S.W.3d at 569, and courts do not rely on "'mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties.'" *Id.* at 568 (quoting *Weekley Homes*, 295 S.W.3d at 318).

When examination of a party's electronic storage device is appropriate, only a qualified expert should be afforded access, and the least intrusive means of providing relevant, responsive information should be employed. *Weekley Homes*, 295 S.W.3d at 316, 318. A party from whom discovery is sought is entitled to protection from an unreasonable invasion of personal, constitutional, or property rights. *See id.* at 322; *see also In re VERP Inv., LLC*, 457 S.W.3d 255, 261 (Tex. App.—Dallas 2015, orig. proceeding). Courts must address these privilege, privacy, and confidentiality concerns. *Weekley Homes*, 295 S.W.3d at 318.

9

Here, the record reflects that the trial court could have reasonably found that Himanshi defaulted at least in part on her discovery obligations to search for and produce responsive electronic data on her phone; that her production has been inadequate; and that a further search of Himanshi's phone could recover relevant materials. *See Weekley Homes*, 295 S.W.3d at 317; *Methodist Primary Care Grp.*, 553 S.W.3d at 720; *In re Clark*, 345 S.W.3d 209, 212 (Tex. App.—Beaumont 2011, orig. proceeding) (per curiam). However, the record does not reflect that the trial court signed an order compelling relator to produce the requested discovery prior to the trial court's November 27, 2023 order compelling relator to turn over her phone for forensic examination.

As such, it does not appear that the trial court considered whether less intrusive means (*e.g.*, an order compelling relator to produce the requested discovery, an order excluding the allegedly non-produced, fabricated messages, an order allowing Vivek to produce evidence through his own forensic expert as to WhatsApp messages exchanged between relator and Vivek and/or relator and Kapoor, etc.) will suffice short of turning over Himanshi's phone for forensic examination. *See Weekley Homes*, 295 S.W.3d at 316, 318-19, 321-22; *In re Wilcox*, No. 09-20-00271-CV, 2021 WL 1031141, at *4 (Tex. App.—Beaumont Mar. 18, 2021, orig. proceeding) (mem. op., per curiam) (court did not consider less intrusive measures); *Methodist Primary Care Grp.*, 553 S.W.3d at 720 (trial court did not consider whether less intrusive measures would suffice).

Moreover, an order compelling production of an electronic storage device must contain provisions to protect the responding party's privacy and privileges, as well as the confidentiality of non-responsive information. *See Weekley Homes*,

295 S.W.3d at 318-19; *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835, 846 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding). The trial court must also consider whether less intrusive means would suffice. *Weekley Homes*, 295 S.W.3d at 318-19; *Methodist Primary Care Grp.*, 553 S.W.3d at 720. Here, however, the challenged order does not contain any mechanism or protocol to protect Himanshi's privacy, privileges, or the confidentiality of non-responsive information. *Weekley Homes*, 295 S.W.3d at 318-19; *Pinnacle*, 405 S.W.3d at 846. When the order, as here, fails to address these interests, mandamus is appropriate. *Methodist Primary Care Grp.*, 553 S.W.3d at 721-23; *Pinnacle*, 405 S.W.3d at 846 (mandamus conditionally granted when order did not explain how expert would protect relators' privacy or privilege concerns); *Clark*, 345 S.W.3d at 213-14 (mandamus conditionally granted when order did not provide mechanism through which responding party could withhold from discovery any privileged or confidential information).

We hold that the trial court abused its discretion in compelling Himanshi to turn over her cell phone for forensic inspection without providing any mechanism through which Himanshi can withhold from discovery any documents or information that is privileged or confidential and by failing to consider less intrusive means. *See* Tex. R. Civ. P. 196.4; *Weekley Homes*, 295 S.W.3d at 322-23; *Pinnacle*, 405 S.W.3d at 846.

### III. CONCLUSION

Having determined that the trial court abused its discretion and Himanshi does not have an adequate remedy by appeal, we conditionally grant Himanshi's petition for writ of mandamus as explained above and direct the trial court to

vacate its November 27, 2023 order compelling Himanshi to produce her phone for forensic examination.  We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to do so.  Our December 15, 2023 stay order is lifted.  Vivek's motion for expedited consideration is denied as moot.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.